UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 CASE |
| | § | |
| JCE DELAWARE, INC., *et al* | § | CASE NO. 11-11926 |
| | § | |
| DEBTOR | § | (Jointly Administered) |

**FIRST STATE BANK'S MOTION TO RECONSIDER INTERIM ORDER
GRANTING DEBTORS' MOTION FOR INTERIM AND FINAL PERMISSION
FOR THE DEBTORS TO USE CASH COLLATERAL AND OBTAIN DEBTOR
IN POSSESSION FINANCING, AND GRANTING ADEQUATE
PROTECTION, SUPERPRIORITY CLAIMS AND PRIMING LIENS**

COMES NOW First State Bank Central Texas ("First State Bank" or "Bank"), a secured creditor herein, and files this its Motion to Reconsider Interim Order Granting Debtors' Motion for Interim and Final Permission for the Debtors to Use Cash Collateral and Obtain Debtor in Possession Financing, and Granting Adequate Protection, Superpriority Claims and Priming Liens (the "Motion to Reconsider") pursuant to Federal Rule of Bankruptcy Procedure 9023 and would respectfully show the Court as follows:

## BACKGROUND

1. The Debtors[1] filed their voluntary petitions for relief under Chapter 11 of the bankruptcy code on August 1, 2011. *See* Case No. 11-11926, Docket Entry No. 1.

2. The Court has jurisdiction over the Motion to Reconsider pursuant to 28 U.S.C. Section 1334 and 157(b), 11 U.S.C. Section 364, and Federal Rules of Bankruptcy Procedure 4001 and 9023.

---

[1] "Debtors" or "Debtor" shall mean: JCE Delaware, Inc. (Case No. 11-11926), JC Evans Construction Holdings, Inc. (Case No. 11-11927), JC Evans Construction Co. LP (Case No. 11-11928), JC Evans Nevada, LLC (Case No. 11-11929), Equus Development, Inc. (Case No. 11-11930), and Adkins Land Development, LP (Case No. 11-11931).

3. On August 2, 2011 the Debtors filed their Motion for Interim and Final Permission for the Debtors to Use Cash Collateral and Obtain Debtor in Possession Financing, and Granting Adequate Protection, Superpriority Claims and Priming Liens (the "Debtors' Cash Collateral/Financing Motion"). *See* Case No. 11-11926, Docket Entry No. 10.[2]

4. On August 3, 2011, First State Bank filed its Response and Objection to the Debtors' Cash Collateral/Financing Motion. *See* Case No. 11-11926, Docket Entry No. 28.

5. On August 4, 2011, the Court held a hearing on the Debtors' Cash Collateral/Financing Motion. The Bank appeared at the hearing and opposed the relief requested in the Debtors' Cash Collateral/Financing Motion.

6. On August 8, 2011, the Court entered its Interim Order granting Debtors' Cash Collateral/Financing Motion (the "Interim Order"). *See* Case No. 11-11926, Docket Entry No. 49. The Court's Interim Order granting Debtors' Cash Collateral/Financing Motion grants the Debtors' post-petition lender[3] a first priority lien pursuant to 11 U.S.C. § 364(d) that is *pari passu* with First State Bank on all of the Debtors' assets to which First State Bank asserts a first priority security interest.[4] This Motion to Reconsider is filed within 14 days after entry of the Interim Order as required by Federal Rule of Bankruptcy Procedure 9023.

7. First State Bank respectfully requests that the Court reconsider the Interim Order because: (1) the Debtors offered insufficient evidence to satisfy the elements required to obtain relief pursuant to 11 U.S.C. § 364(d); and/or (2) the Court erroneously applied the elements of 11 U.S.C. § 364(d) to the evidence presented. Based on the foregoing and for the reasons set forth

---

[2] As is set forth in paragraph two of the Debtors' Cash Collateral/Financing Motion, the Bank is a secured creditor of the Debtors with a first lien on most of the Debtors' assets including, without limitation, real estate, equipment, inventory, and accounts receivable (excluding accounts receivable related to bonded construction projects upon which First State Bank would have a second lien behind the bonding company).

[3] The Debtors' post-petition lender is Liberty Mutual Insurance Company of America and/or Safeco Insurance Company. *See* Debtors' Cash Collateral/Financing Motion at pages 1-2.

[4] *See* Interim Order at page 13.

below, First State Bank requests the Court reconsider the Interim Order: (1) to correct a manifest error of law or fact; and/or (2) to prevent a manifest injustice.

## LEGAL STANDARD APPLICABLE TO MOTION TO RECONSIDER

8. Federal Rule 59(e), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023, allows parties to seek reconsideration of bankruptcy court orders by filing and serving a written motion within 14 days of the order. *See* Fed.R.Civ.P. 59; Fed. R. Bankr. P. 9023. To prevail on a motion for reconsideration, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir.2002); *In re Berg*, 383 B.R. 631, 634 (Bankr. W.D. Texas 2008).

9. The Bank files this Motion to Reconsider to correct a clear or manifest error of law or fact and/or to prevent manifest injustice. The Court may amend or alter a previous judgment or order when a movant establishes some manifest error of law or fact justifying an amendment. *See Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989) (*citing Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1982), *aff'd by* 735 F.2d 1367 (7th Cir.1984)).[5] The Court has considerable discretion in deciding a motion to alter or amend judgment and "must strike the proper balance between competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 355 (1993); *see also S.O.S Alliance*, at page 5.

10. First State Bank respectfully requests the Court reconsider the Interim Order because: (1) the Debtors offered insufficient evidence to satisfy the elements required to obtain

---

[5] *See also In re Save Our Springs (S.O.S.) Alliance, Inc.*, Case No. 07-10642 (Bankr. W.D. Texas 2008, Judge Gargotta) at Docket Entry No. 150 (discussing Bankruptcy Rule of Procedure 9023).

relief pursuant to 11 U.S.C. § 364(d); and/or (2) the Court erroneously applied the elements of 11 U.S.C. § 364(d) to the evidence presented.

## REQUEST FOR RECONSIDERATION OF ORDER GRANTING THE DEBTORS' REQUEST FOR DIP FINANCING

11. Section 364(d)(1) provides: "[t]he court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien *only if* (A) the trustee is unable to obtain such credit otherwise; and (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted." 11 U.S.C. § 364(d)(1) (*emphasis added*).

**A.     Debtors' Offered Insufficient Evidence to Satisfy the Elements of 11 U.S.C. § 364(d)**

12. The Bank contends that the Debtors offered insufficient evidence to support the Court granting the Debtors' post-petition lender[6] a first priority lien pursuant to 11 U.S.C. § 364(d) that is *pari passu* with First State Bank on all of the Debtors' assets to which First State Bank asserts a first priority security interest.

13. First, the Debtors offered absolutely no evidence that they were unable to obtain alternative financing as required by 364(d)(1)(A). Section 364(d)(1)(A) requires the Debtors to affirmatively "demonstrate, not merely assume, that less onerous post-petition financing was unavailable." *See Suntrust Bank v. Den-Mark Constr., Inc.*, 406 B.R. 683, 690 (E.D.N.C. 2009). Although the Debtors were not required to seek credit from every possible lending source, the Debtors should have been required to put on evidence that they "made a reasonable effort to obtain post-petition financing from other potential lenders on less onerous terms and that such financing was unavailable." *Id.* at 690-691 (internal quotes and citations omitted) (*citing* cases).

---

[6] The Debtors' post-petition lender is Liberty Mutual Insurance Company of America and/or Safeco Insurance Company. *See* Interim Order granting Debtors' Cash Collateral/Financing Motion.

4

Because the Debtors failed to satisfy the requirement of 364(d)(1)(A) the Court should reconsider the Interim Order and enter an amended order that denies the Debtors the relief requested under 364(d).

14. Second, the Debtors offered no credible or competent evidence to show that the Bank is adequately protected as required by 364(d)(1)(B). The Debtors asserted that the Bank was adequately protected by the value of the Bank's collateral yet the Debtors offered no current, written appraisals of value of the Bank's collateral, no expert testimony on the value of the Bank's collateral, and no other competent or credible evidence showing the value of the Bank's collateral. Indeed, the only evidence offered by the Debtors as to the value of the Bank's collateral was conclusory, self-serving testimony of the Debtors' President and CEO Blake Kuhlman, self-serving internal documents prepared by the Debtors, and the conclusory testimony of the Debtors' proposed investment bankers Jay Linde and Frank Reaves.[7] Given the extraordinary relief requested by the Debtors pursuant to 364(d), the Debtors should have been required to produce competent and credible evidence as to the value of the Bank's collateral. Indeed, "[G]iven the fact that super priority financing displaces liens on which creditors have relied in extending credit, a court that is asked to authorize such financing must be particularly cautious when assessing whether the creditors so displaced are adequately protected." *In re First South Savings Association*, 820 F.2d 700 (5th Cir. 1987). Because the Debtors failed to offer credible and competent evidence to show the Bank is adequately protected as required by 364(d)(1)(B), the Court should reconsider the Interim Order and enter an amended order that denies the Debtors the relief requested under 364(d).

---

[7] Based on information and belief, neither Mr. Kuhlman nor the investment bankers are certified property appraisers (and were not proved up or offered as expert witnesses on value).

**B.     The Court Erroneously Applied the Elements of 11 U.S.C. § 364(d) to the Evidence**

15.     The foregoing paragraphs are incorporated herein by reference.

16.     The Bank further contends that the Court erroneously applied 364(d) by granting the relief requested by the Debtors without requiring the Debtors to satisfy the elements set forth in 364(d). Specifically, the Court granted the relief requested under 364(d) without requiring the Debtors: (1) to show that they were unable to obtain alternative financing as required by 364(d)(1)(A), and (2) without requiring the Debtors to provide credible and competent evidence as to the value of the Bank's collateral in showing that the Bank is adequately protected as required by 364(d)(1)(B). For the foregoing reasons, the Bank contends that the Court did not require the Debtors to provide sufficient evidence to satisfy the elements of 364(d) and/or erroneously applied the elements of 364(d) to the evidence that was presented by the Debtors. Accordingly, the Court should reconsider the Interim Order and enter an amended order that denies the Debtors the relief requested under 364(d).

**C.     Reconsideration Prevents a Manifest Injustice**

17.     The foregoing paragraphs are incorporated herein by reference.

18.     Given the extraordinary relief requested by the Debtors under 364(d), the fact that 364(d) relief should only be granted as a last resort, and the fact that the Debtors have failed to satisfy the elements of 364(d) for the reasons set forth above, the Bank contends that it is a manifest injustice to grant the post-petition lender a first priority lien pursuant to 11 U.S.C. § 364(d) that is *pari passu* with the Bank on all of the Debtors' assets to which the Bank asserts a first priority security interest. Accordingly, the Court should reconsider the Interim Order and enter an amended order that denies the Debtors the relief requested under 364(d).

WHEREFORE, PREMISES CONSIDERED, the Bank prays that the Court grant the Bank the relief requested herein, enter an amended order that denies the Debtors the relief requested under 364(d), and award the Bank such other and further relief, both general and special, in law and in equity, to which it may be justly entitled.

DATED this 11th day of August, 2011.

Respectfully submitted,

HALEY & OLSON, P.C.

BY: /s/ Shad Robinson
    Shad Robinson
    Bar Card No. 24013412
    Blake Rasner
    Bar Card No. 16555700
    510 North Valley Mills Drive
    Suite 600
    Waco, Texas 76710
    Telephone: (254) 776-3336
    Facsimile: (254) 776-6823
    Email: srobinson@haleyolson.com
    Email: brasner@haleyolson.com

ATTORNEYS FOR FIRST STATE BANK CENTRAL TEXAS

**CERTIFICATE OF SERVICE**

I certify that on August 11th, 2011 a true and correct copy of the above and foregoing was served upon the following parties via electronic means as listed on the court's ECF noticing system or by regular first class mail:

JCE Delaware, Inc.
P. O. Box 1216
Leander, Texas 78646

Mark E. Andrews
Attorney for Debtor
1201 Elm Street
Suite 3300
Dallas, Texas 75270

Duane J. Brescia
Stephen A. Roberts
Attorney for Liberty Mutual Insurance Company
and Safeco Insurance Company
600 Congress Ave., Suite 1600
Austin, Texas 78701

Robert P. Franke
Christopher R. Ward
Attorneys for Liberty Mutual Insurance Company
and Safeco Insurance Company
901 Main Street, Suite 4400
Dallas, TX 75202

R. Glen Ayers
Allen M. Debard
Attorneys for Apac-Texas, Inc. & Affiliates
Trinity Plaza II, Ninth Floor
745 East Mulberry
San Antonio, Texas 78212

William W. Sommers
Attorney for Apac-Texas, Inc. & Affiliates
745 East Mulberry, #100
San Antonio, Texas 78212

John P. Melko
Clinton R. Snow
Attorneys for Romco Equipment Co.
1000 Louisiana, Ste. 3400
Houston, Texas 77002

Jeffrey D. Cawdrey
Attorney for Volvo Financial Services
101 W. Broadway, Suite 2000
San Diego, CA 92101

Leslie A. Beneitz
Attorney for Volvo Financial Services
816 Congress Avenue, Suite 1510
Austin, TX 78701

Megan Adeyemo
Attorney for Volvo Financial Services
555 Seventeenth Street, Suite 3400
Denver, CO 80202

James H. Billingsley
Daniel I. Morenoff
Attorneys for Texas Capital Bank, N.A.
1717 Main Street, Suite 2800
Dallas, Texas 75201

John W. Alvis
Attorney for H L Chapman Pipeline Construction
P.O. Box 1068
San Marcos, Texas 78667-1068

Linda Boyle
Representative for TW Telecom, Inc.
10475 Park Meadows Drive, #400
Littleton, CO 80124

Alan S. Gerger
Christina L. Garcia
Attorneys for Gajeske, Inc.
3050 Post Oak Blvd., Suite 400
Houston, Texas 77056

Keith McKeever
First State Bank Central Texas
P. O. Box 6136
Temple, Texas 76503

                                                                       /s/ Shad Robinson
                                                                       Shad Robinson