IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: § | § | CHAPTER 11 CASE |
| JCE DELAWARE, INC., et al., § | § | CASE NO. 11-11926 |
| Debtors. § | § § § | (Joint Administration Pending) |

**SUPPLEMENTAL MOTION FOR FINAL PERMISSION
FOR THE DEBTORS TO USE CASH COLLATERAL AND OBTAIN DEBTOR IN
POSSESSION FINANCING, AND GRANTING ADEQUATE PROTECTION,
SUPERPRIORITY CLAIMS AND PRIMING LIENS**

Come now JCE Delaware, Inc., J.C Evans Construction Holdings, Inc., a Texas Corporation, J.C. Evans Nevada, LLC, EQUUS Development Inc., J.C. Evans Construction Co. LP, and Adkins Land Development, LP" (collectively, the "Debtors") and file this *Supplemental Motion For Final Permission to Use Cash Collateral and Obtain Debtor in Possession Financing, and Granting Adequate Protection, Superpriority Claims and Priming Liens* (the "Motion"), and would show as follows:

### I. PRELIMINARY STATEMENT

1. JC Evans Construction Co., L.P. and Adkins Land Development, L.P. own and operate a heavy equipment construction firm and a rock quarry. A full description of the Debtors operations and history is set forth in the *Declaration of Blake Kuhlman in Support of First Day Motions*, filed herein. To continue their operations in an orderly manner on a post petition basis, the Debtors need to use funds from operations and to obtain Debtor in Possession loans from Liberty Mutual Insurance Company/Safeco (the "Bonding Company"). By this Motion, the Debtors hereby seek entry of an order permitting them to use funds generated from their business

operations to complete existing construction contracts and operate the Quarry (defined below). Further, the Debtors seek permission to borrow on a post petition basis as Debtor in Possession up to $5 million from the Bonding Company ("DIP Financing") to pay any shortfalls in the costs of completing the existing construction projects and operating the Debtors.

2. Previously, the Debtors filed their *Motion for Interim and Final Permission to Use Cash Collateral and Obtain Debtor in Possession Financing, and Granting Adequate Protection, Superpriority Claims and Priming Liens* [Docket No. 10]. By Order dated August 8, 2011, the Court granted the Motion, however, the Order was later modified by the Court's decision to grant a Motion for Reconsideration. This Motion requests that the Court authorize DIP Financing up to the amount of $5 million, extends the request to use cash collateral until October 15, 2011 and provides protections to both First State Bank of Central Texas ("Bank") and the Surety.

3. To obtain the requested DIP Financing, the Debtor proposes to grant to the Bonding Company as security therefore (i) a superpriority administrative claim, (ii) a junior lien on any unencumbered property of the estate, and (iii) a lien on the estate's real property that is pari passu with the Bank. The debtors' real estate consists principally of a 700 acre quarry in Williamson County and approximately 28 acres in and around the Debtors' operating facility in Leander, Texas, Williamson County. The value of these real estate assets are believed by the Debtors to far exceed the aggregate amounts owed to the Bank. The Bank also has lien claims on certain heavy equipment that includes equipment where the Bank has a first lien on equipment with a value of over $5 million and a second lien on equipment with a value over and above the pari passu lien treatment.

## II. JURISDICTION AND VENUE

4. The Debtors commenced the cases by filing petitions for relief on August 1, 2011. This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D)and (M). Venue is proper in the Austin Division of the Western District of Texas as the Debtors are headquartered in Leander, Williamson County, Texas and most of their assets are located there as well.

## III. BACKGROUND

*The Debtors*

5. For a full description of the Company's history, see the *Declaration of Blake Kuhlman in Support of First Day Motions* [Docket No. 3] and also the prior *Motion For Interim and Final Permission to Use Cash Collateral and Obtain Debtor in Possession Financing, and Granting Adequate Protection, Superpriority Claims and Priming Liens* [Docket No. 10].

## IV. RELIEF REQUESTED

6. By filing this Motion, the Debtors respectfully request continuing permission from this Court to use cash collateral in which the Bank and Bonding Company assert an interest from the Petition Date through, and including, October 15, 2011, to provide the Bank and Bonding Company with adequate protection to the extent of any diminution in the value of their respective interests in the cash collateral. A budget will be filed prior to the hearing set for September 1, 2011, and will identify expenses to be incurred and paid during first month of the bankruptcy cases. The budget separately describes income and expenses on bonded jobs, and income and expenses from other sources including the quarry operations and non-bonded jobs.

7. Specifically, the Debtors request permission to use cash collateral pursuant to an agreed budget, as it may be amended from time to time by the Bonding Company and the Debtors (with notice to the Bank and other parties in interest) to fund post petition operations and

pay the costs of administering these bankruptcies. In return, the Debtors propose to provide the following protections:

    (a)    Cash Collateral Adequate Assurance: Post petition replacement liens on the accounts receivables generated from post petition collections of receivables, and continuation of prepetition liens with the same effect, priority and security as existed prepetition.

    (b)    DIP Financing Loan:

        (i)    Superpriority administrative claim for amount of DIP loan advances'

        (ii)    lien on unencumbered assets and junior lien on all other assets;

        (iii)    lien on real estate assets as to which the Bank has a first lien, on a pari passu basis with the Bank.

8. A proposed form of order granting the requested relief which is virtually identical to the existing order will be uploaded.

## V. ARGUMENTS AND AUTHORITY

9. Section 363(c) of the Bankruptcy Code provides that a debtor-in-possession may use cash collateral if all interested entities consent or the court, after notice and a hearing, authorizes such use. Section 363(e) of the Bankruptcy Code requires that the use of cash collateral be prohibited or conditioned as is necessary to provide adequate protection to persons that have an interest in cash collateral. *In re DeSardi*, 340 B.R. 790, 797 (Bankr. S.D. Tex. 2006) ("Adequate protection is . . . grounded in the belief that secured creditors should not be deprived of the benefit of their bargain"). Read together, sections 363(c) and (e) of the Bankruptcy Code authorize a debtor-in-possession to use the cash collateral of a secured creditor if such creditor's collateral is adequately protected. *See In re Harrington & Richardson, Inc.*, 48 B.R. 431, 433 (Bankr. D. Mass. 1985) (finding that the court may authorize the use of cash

collateral upon a showing that those with an interest in the cash collateral are adequately protected).

10. Although the term "adequate protection" is not precisely defined in the Bankruptcy Code, section 361 sets forth three non-exclusive examples of what may constitute adequate protection: (1) periodic cash payments equivalent to the decrease in value of the creditor's interest in the property; (2) an additional or replacement lien on other unencumbered property of the debtor; or (3) other relief that provides the indubitable equivalent of the creditor's property interest. *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 793 F.2d 1380, 1388 (5th Cir. 1986). "[T]he debtor-in-possession has the burden of proof on the issue of adequate protection." *In re Cafeteria Operators, L.P.*, 299 B.R. 400, 406 (Bankr. N.D. Tex. 2003).

11. The Bank and Bonding Company respective interests in the Cash Collateral are "adequately protected" within the meaning of section 361 and "preserved" within the meaning of section 506(c) because the cash collateral will be used to pay for operations of the construction business. Continued operations aid these secured creditors in several ways. First, the operations will generate post petition receivables and enhance pre petition collections on prior work; second, continued operations will allow the Debtors to more fully maintain the condition of existing assets such as the hundreds of items of heavy equipment and the improvements on the real property, and the operations at the quarry, all of which are other assets of these creditors., Making these expenditures will result in a stable and continuous stream of cash flow, thereby enhancing and preserving the value of the Debtors' operations and providing adequate protection to the Bank. *See McCombs Props. VI, Ltd. v. First Tex. Sav. Ass'n (In re McCombs Props. VI, Ltd.)*, 88 B.R. 261, 267 (Bankr. C.D. Cal. 1988) (finding that, by committing cash collateral to

pay operating expenses and to improve and maintain real property, the debtor "substantially eliminated the risk of diminution" of the secured creditor's interest in cash collateral).

12. Bankruptcy Rule 4001(b) permits a court to approve use of cash collateral during the 15-day period following the filing of a motion only to the "extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Here, the Debtors require immediate access to the cash collateral to, among other things, maintain the value of their contracts. If interim relief is not obtained, the Debtors' efforts to pay its employees and assure vendors of continued payments on existing jobs will be virtually impossible, and the business will likely simply close. Accordingly, the Debtors request that the Court authorize the Debtors to immediately use the cash collateral in the amounts set forth in the Budget, pending a final hearing. At the final hearing, the Debtors request that the relief requested herein be granted on a permanent basis..

13. The Debtors have been unable to obtain new sources of financing. Similarly, the Debtors have been unable to find parties willing to advance funds in exchange for administrative expense claims. Based on the Debtors decades of experience in the construction industry, it believes that it will be impossible to find a DIP lender on an interim basis, and virtually impossible to find such a lender on any reasonable terms on a final basis. Indeed, using the existing Bonding Company as the DIP lender is practical and efficient given its thorough knowledge of the Debtor's operations.

14. Section 364(c) authorizes the Debtors to incur debt post-petition as requested herein. If a debtor-in-possession is unable to obtain unsecured credit allowable as an administrative expense, the Bankruptcy Code authorizes such debtor-in-possession to incur debt

secured by a lien on unencumbered property of the estate or secured by junior liens on other property of the estate already subject to liens. *See* 11 U.S.C. § 364(c)(2)&(3).

15. The Debtors' quarry, accounts receivable, equipment and inventory as well as certain real estate are property of the estate. *See id.* § 541(a).

16. Such authorization is in the best interests of the estates, the Bank, the construction vendors, and all other creditors for the reasons described herein. The best value for the Debtor will be realized if it is able to complete ongoing construction work and avoid incurring delay damages claims, and/or rejection damages claims. Moreover continuing operations at the quarry will build value by filling orders and increasing inventory pending a sale. The Debtor has considered alternatives however, no realistic alternative exists. The Bonding Company is the only party situated to have a strong incentive to complete the bonded construction projects and advance to pay for same.

## VI. NOTICE

17. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel for each of the Bank and the Bonding Company; (c) the twenty (20) largest unsecured creditors of each Debtor's respective estate; (d) those persons who have formally appeared and requested notice in this case pursuant to Bankruptcy Rule 2002; (e) the Internal Revenue Service and other governmental entities required to receive notice under the Bankruptcy Rules or the Local Rules; and (f) the Official Committee of Unsecured Creditors. The Debtors submit that no other or further notice need be provided.

## VII. PRAYER

WHEREFORE, the Debtors respectfully request that this Court enter an Order granting the requested relief on a final basis, and such other and further relief as is just and proper.

Dated:  August 19, 2011   Respectfully submitted,

                                      **COX SMITH MATTHEWS INCORPORATED**

                                      By:  */s/ Mark E. Andrews*
                                               Mark E. Andrews
                                               State Bar No. 01253520
                                               George H. Tarpley
                                               State Bar No. 19648000
                                               Stephen K. Lecholop II
                                               State Bar No. 24070119
                                               1201 Elm Street, Suite 3300
                                               Dallas, Texas  75270
                                               (214) 698-7800
                                               (214) 698-7899 (Fax)

                             **ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of August, 2011, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and also upon those parties listed on the Limited Service List via First Class United States Mail postage prepaid.

                                        */s/ Mark E. Andrews*
                                           Mark E. Andrews

Last Update: 8/17/11

Last Update: 8/17/11

## *JCE DELAWARE, INC., ET AL.*
## SERVICE LIST

| **Debtors:** | **Debtors' Counsel:** | **Office of the U.S. Trustee** |
|---|---|---|
| JCE Delaware, Inc., et al. | Mark E. Andrews | Valerie Wenger |
| Attn: Blake A. Kuhlman | Cox Smith Matthews Incorporated | 903 San Jacinto, Rm. 230 |
| 8660 N. US Hwy. 183A Toll Rd. | 1201 Elm St., #3300 | Austin, TX  78701 |
| Leander, TX  78641 | Dallas, TX  75270 | ECF: Valerie.I.wenger@usdoj.gov |
|  | Phone: (214) 698-7800 |  |
|  | Fax: (214) 698-7899 |  |
|  | ECF: mandrews@coxsmith.com |  |

### LENDERS

| First State Bank Central Texas | First State Bank Central Texas | First State Bank Central Texas |
|---|---|---|
| 3951 W. Parmer Ln., #100 | c/o Shannon Ratliff/Michael Navarre | c/o Blake Rasner/Shad Robinson |
| Austin, TX  78727 | Ratliff Law Firm, P.L.L.C. | Haley & Olson |
|  | 600 Congress Ave., #3100 | 510 N. Valley Mills Dr., #600 |
|  | Austin, TX  78701 | Waco, TX  76710 |
|  | ECF: sratliff@ratlifflaw.com | ECF: brasner@haleyolson.com |
|  | ECF: mnavarre@ratlifflaw.com | ECF: srobinson@haleyolson.com |

| Liberty Mutual Insurance Company | Liberty Mutual Insurance Co. | Liberty Mutual Insurance Co. |
|---|---|---|
| 1600 N. Collins Blvd., #3000 | c/o Robert P. Franke | c/o Duane J. Brescia |
| Richardson, TX  75080 | Christopher R. Ward | Stephen A. Robers |
|  | Strasburger & Price, LLP | Strasburger & Price, LLP |
|  | 901 Main St., #4400 | 600 Congress, #1600 |
|  | Dallas, TX  75202-3794 | Austin, TX  78701 |
|  | ECF: bob.franke@strasburger.com | Fax (512) 536-5702 |
|  | ECF: christopher.ward@strasburger.com | ECF: duane.brescia@strasburger.com |
|  |  | ECF: Stephen.roberts@strasburger.com |

### COMMITTEE OF UNSECURED CREDITORS

| Yann Vessely | Doug Stayton | Craig Burkert |
|---|---|---|
| Austin Traffic Signal Const. | Dan A. Stewart Inc Texaco | Gerald Cook |
| P.O. Box 130 | P.O. Box 17336 | Romco Equipment Co |
| Round Rock, TX  78680 | Austin, TX  78760 | P.O. Box 841496 |
| Fax: (512) 255-0146 | Fax: (512) 385-1341 | Dallas, TX  75284 |
|  |  | Fax: (214) 819-4131 |

| Steven DeLeod | Dawn Dickert | Joseph Peirson |
|---|---|---|
| Austin Bridge & Road | Lynn Guynes | Construction Risk Solutions |
| 12112 Volente Rd. RM 2769 | Hanson Pipe & Precast, Inc. | 11311 McCormick Rd., 5th Fl. |
| Austin, TX  78726 | 300 East John Carpenter Frwy, #1600 | Hunt Valley, MD  21031-8622 |
| Fax: (512) 219-6322 | Irving, TX  75062 | Fax: (410) 828-0242 |
|  | Fax: (866-627-6414 |  |

Terry B. Ludzenski
Holt Texas, Ltd.
P.O. Box 207916
San Antonio, TX  78220
Fax: (210) 0541

## LESSORS/HOLDERS OF SECURITY INTERESTS

**Romco Equipment Co.**
c/o Clinton R. Snow
John P. Melko
Gardere Wynne Sewell LLP
1000 Louisiana, #3400
Houston, TX  77002
Fax: (713) 276-6131
ECF: csnow@gardere.com
ECF: jmelko@gardere.com

**Holt Cat**
c/o James S. Wilkins
Willis & Wilkins, L.L.P. of Counsel
to Barton East & Caldwell, P.L.L.C.
100 W. Houston St., #1275
San Antonio, TX  78205
Fax: (210) 271-9389
ECF: jwilkins@stic.net

**Texas Capital Bank, N.A.**
c/o James H. Billingsley
Daniel I. Morenoff
K&L Gates LLP
1717 Main St., #2800
Dallas, TX  75201
Fax: (214) 939-5849
ECF: james.billingsley@klgates.com
ECF: dan.morenoff@klgates.com

Associates First Capital Corporation
3950 Regent Blvd., 2nd Fl.
Irving, TX  75063

Capital One, N.A.
313 Carondelet St., 16th Fl.
New Orleans, LA  70130

Capital One, National Association
5718 Westheimer, #600
Houston, TX  77057

Caterpillar Financial Services Corporation
P.O. Box 340001
Nashville, TN  37203-0001

Caterpillar Financial Services Corporation
2120 West End Ave.
Nashville, TN  37203

Central Texas Heavy equipment
1925 Picadilly Dr.
Round Rock TX  78664

Citicaptial Commercial Leasing Corporation
P.O. Box 168647
Irving, TX  75016

Citicaptial Commercial Leasing Corporation
Branch 8201 Ridgepoint Dr.
Irving, TX  75063

Citicapital Commercial Corp.
3950 Regent Blvd., 2nd Fl.
Irving, TX  75063

Citicapital Commercial Leasing Corporation
2208 Hwy. 121
Bedford, TX  76021

CNH Capital America LLC
100 Brubaker Ave.
New Holland, PA  17557

The CIT Group/Equipment Financing, Inc.
P.O. Box 27248
Tempe, AZ  85285

Deere Credit, Inc.
6400 NW 86th St.
Johnston, IA  50131

FCC Equipment Financing, Inc.
P.O. Box 56347
Jacksonville, FL  32241

Hoss Equipment Co.
3131 N. Hwy. 161
Irving, TX  75062

IOS Capital
1738 Bass Rd.
Macon, GA  31210-1043

Blake Kuhlman
2309A Westlake Dr.
Austin, TX  78746

National City Commercial Capital Company, LLC
995 Dalton Ave.
Cincinnati, OH  45203

NTS Mikedon, LLC
15955 W. Hardy Rd., #100
Houston, TX  77060

Peterson Pacific Corp.
P.O. Box 40490
Eugene, OR  97404

RDO Equipment Co.
700 7th St. South
P.O. Box 7160
Fargo, ND  58106-7160

| | | |
|---|---|---|
| VFS Leasing Co.<br>P.O. Box 26131<br>Greensboro, NC  27402 | VFS US LLC<br>P.O. Box 26131<br>Greensboro, NC  27402 | Wells Fargo Equipment Finance, Inc.<br>733 Marquette Ave., #700<br>Minneapolis, MN  55402 |
| Wells Fargo Equipment Finance, Inc.<br>1540 W. Fountainhead Pkwy.<br>Tempe, AZ  85282 | | |

## GOVERNMENTAL AGENCIES

| | | |
|---|---|---|
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346 | TECQ<br>2800 S. IH 35, #100<br>Austin, TX  78704-5700 | TXDOT<br>7901 N. IH 35<br>Austin, TX  78753 |
| TXDOT<br>P.O. Drawer 15426<br>Austin, TX  78761-5426 | U.S. Dept of Labor<br>OSHA<br>La Costa Green Bldg.<br>1033 La Posada Dr., #375<br>Austin, TX  78752-3832 | Environmental Protection Agency<br>Region 6<br>1445 Ross Ave., #1200<br>Dallas, TX  75202 |
| Texas Comptroller of Public Accounts<br>Revenue Accounting Div.–Bankruptcy<br>PO Box 13528<br>Austin, TX  78711-3528 | Texas Workforce Commission<br>TEC Building – Bankruptcy<br>101 East 15th Street<br>Austin, TX  78778 | |

## NOTICES OF APPEARANCE

| | | |
|---|---|---|
| **APAC**<br>c/o R. Glen Ayers<br>Langley & Banack, Incorporated<br>745 E. Mulberry, #900<br>San Antonio, TX  78212<br>Fax: (210) 735-6889<br>ECF: Gayers@langleybanack.com | **APAC**<br>c/o William W. Sommers<br>The Gardner Law Firm, P.C.<br>745 East Mulberry, #100<br>San Antonio, TX  78212-3166<br>Fax: (210) 733-5538<br>ECF: wws@tglf.com | **BMO Capital Markets Financing, Inc. and Monroe Street Holdings, LLC Series 3-City Side**<br>c/o Jay H. Ong<br>Cara Susan Kelly<br>Munsch Hardt Kopf & Harr, P.C.<br>401 Congress Ave., #3050<br>Austin, TX  78701<br>Fax (512) 391-6149<br>ECF: jong@munsch.com<br>ECF: ckelly@munsch.com |
| **Hanson Pipe & Precast, LLC**<br>c/o Richard J. Cinclair, Jr.<br>Thomas, Cinclair & Beuttenmuller, A Professional Corporation<br>5335 Spring Valley Rd.<br>Dallas, TX  75254<br>Fax: (972) 991-3220<br>ECF: rick@tcblawfirm.com | **Volvo Financial Services**<br>c/o Jeffrey D. Cawdrey<br>Gordon & Rees LLP<br>101 W. Broadway, #2000<br>San Diego, CA  92101<br>(fax) 619) 696-7124<br>ECF: jcawdrey@gordonrees.com | **Volvo Financial Services**<br>c/o Megan Adeyemo<br>Gordon & Rees LLP<br>555 Seventeenth St., #3400<br>Denver, CO  80202<br>Fax: (303) 534-5161<br>ECF: madeyemo@gordonrees.com |

**Old WCSA, LP f/k/a Wheeler Coatings, S.A., LP and Old WCA, LP f/k/a Wheeler Coatings Asphalt, LP**
c/o Paul D. Stipanovic
Gossett, Harrison, Millican & Stipanovic, P.C.
P.O. Drawer 911
San Angelo, TX  76902
Fax: (325) 655-6838
ECF: pauls@ghtxlaw.com

**H L Chapman Pipeline**
c/o John W. Alvis
P.O. Box 1068
San Marcos, TX  78667-1068
Fax: (512) 393-3356
ECF: alvislaw.@aol.com

**tw telecom inc.**
c/o Linda Boyle
10475 Park Meadows Dr., #400
Littleton, CO  80124
Email: linda.boyle@twtelecom.com

**Gajeske, Inc.**
c/o Alan S. Gerger
Christina L. Garcia
Dunn, Neal & Gerger, L.L.P.
3050 Post Oak Blvd., #400
Houston, TX  77056
Fax: (713) 960-0204
ECF: bkpfilings@dnglegal.com
ECF: asgbkp@dnglegal.com

**Caterpillar Financial Services Corporation**
c/o John Mayer
Ross Banks May Cron & Cavin, P.C.
2 Riverway, #700
Houston, TX  77056
Fax: (713) 623-6014
ECF: jmayer@rossbanks.com

**Wells Fargo Equipment Finance, Inc.**
c/o James G. Ruiz
Winstead PC
401 Congress Ave., #2100
Austin, TX  78701
Fax: (512) 370-2850
**Email**: jruiz@winstead.com

**Colonial Pacific Leasing Corporation**
c/o Charles M. Cobbe
Claude D. Smith
Cavazos Hendricks Poirot & Smitham, P.C.
900 Jackson St., 570 Founders Sq.
Dallas, TX  75202
Fax: (214) 573-7399
ECF: cobbe@chfirm.com
ECF: csmith@chfirm.com

**IKON Financial Services**
Bankruptcy Administration
1738 Bass Rd.
P.O. Box 13708
Macon, GA  31208-3708

**Charles W. Schroeder**
c/o Elizabeth G. Smith
Law Offices of Elizabeth G. Smith
6655 First Park Ten, #250
San Antonio, TX  78213
Fax: (210) 731-9130
ECF: beth@egsmithlaw.com

**Leasing Associates Service, Inc. agent for LAI Trust**
c/o Edward L. Rothberg
Melissa A. Haselden
Hoover Slovacek, LLP
5847 San Felipe, #2200
Houston, TX  77042
Fax: (713) 9977-5395
ECF: haselden@hooverslovacek.com
ECF: Rothberg@hooverslovacek.com

**Volvo Financial Services, a division of VFS US LLC and VFS Leasing Co.**
c/o Michael P. Ridulfo
Angela N. Offerman
Kane Russell Coleman & Logan, P.C.
919 Milam St., #2200
Houston, TX  77002
Fax: (713) 425-7700
ECF: Mridulfo@krcl.com
ECF: Aofferman@krcl.com

**Holt Texas, Ltd. d/b/a Holt Cat**
c/o James S. Wilkins
Willis & Wilkins, L.L.P. of Counsel to Barton, East & Caldwell, P.L.L.C.
100 W. Houston St., #1275
San Antonio, TX  78205
Fax: (210) 271-9212
ECF: jwilkins@stic.net

**HD Supply Waterworks, Ltd.**
c/o Ronald S. Schmidt
Schmidt & Davis, P.C.
14350 Northbrook Dr., #245
San Antonio, TX  78232
Fax: (210) 340-5297
ECF: ron@schmidtanddavis.com

3559355.3