THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re: § § | CHAPTER 11 CASE |
| JCE DELAWARE, INC., et al., § § | CASE NO. 11-11926-cag |
| Debtors. § § § | Jointly Administered |

**MOTION FOR EXPEDITED HEARING ON MOTION FOR ENTRY OF ORDER (A) APPROVING THE PROCEDURES FOR SOLICITING OFFERS FOR THE DEBTOR'S QUARRY ASSETS; (B) SCHEDULING A CONTINGENT HEARING TO APPROVE A STALKING HORSE BIDDER AND ANY BID PROTECTIONS; (C) APPROVING PROCEDURES TO SET CURE AMOUNTS ON CONTRACTS AND LEASES RELATED TO THE QUARRY ASSETS (D) AUTHORIZING AN AUCTION OF THE QUARRY ASSETS; AND (E) GRANTING RELATED RELIEF**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

JCE Delaware, Inc., JC Evans Construction Holdings, Inc., JC Evans Nevada, LLC, Equus Development, Inc., JC Evans Construction Co., LP and Adkins Land Development, LP (collectively, the "Debtors"), the debtors and debtors-in-possession in the above captioned chapter 11 cases (the "Cases"), hereby file this motion (the "Motion to Expedite"), seeking expedited consideration of the *Motion for Entry of Order (A) Approving the Procedures for Soliciting Offers for Certain of the Debtor's Quarry Assets; (B) Scheduling a Contingent Hearing to Approve a Stalking Horse Bidder and any Bid Protections; (C) Approving Procedures to Set Cure Amounts on Contracts and Leases Related to the Quarry Assets; (D) Authorizing the Debtor to Conduct an Auction of the Quarry Assets; and (E) Granting Related Relief* (the "Bid Procedures Motion") pursuant to 11 U.S.C. § 105. In support of the Motion to Expedite, the Debtors respectfully represent as follows:

## I. JURISDICTION, VENUE AND BACKGROUND

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 105 of the Bankruptcy Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014 of the Local Court Rules of the Bankruptcy Court for the Western District of Texas (the "Local Rules").

## II. RELIEF REQUESTED

3. The Debtors seek to have a hearing on the Bid Procedures Motion on an expedited basis. Specifically, the Debtors seek to have the Bid Procedures Motion considered by this Court on or before September 20, 2011. The Debtors understand the Court has a crowded docket on such date, and if it is not possible to hold the hearing on that date, the Debtors request that the hearing occur <u>prior thereto</u> at a time that is convenient for the Court.

## III. BASIS FOR RELIEF

4. Pursuant to section 105 of the Bankruptcy Code, "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9006 provides that "the court for cause shown may in its discretion with or without motion or notice order [a time period specified by the Bankruptcy Rules] reduced." Fed. R. Bankr. P. 9006(c)(1). Furthermore, Local Rule 9014 states that motions to expedite "only for good cause stated in the pleadings . . . ." L. Rule 9014(e).

5. The Bid Procedures Motion requests that the Court approve bid procedures and a timeline related to the sale of the Debtors' quarry assets (the "Quarry Assets"). The bid process outlined in the Bid Procedures Motion is integral to the Cases, as the Debtors' available cash to

2

fund continuing business operations is limited and the sale of the Quarry Assets would provide a significant cash influx and inform the overall direction of the Cases. As the Court has been advised, and as the Surety and Bank are aware, the marketing of the Quarry Assets is a critical and pivotal step in these Cases. Additionally, the first major deadline under the Bid Procedures Motion is September 30, 2011, so an expedited hearing is needed to timely inform all parties whether the timeline in the motion has been approved and is in effect.

6. There is good and sufficient cause to grant this Motion to Expedite. A delay in consideration of the Bid Procedures Motion will delay the Debtors' ability to sell the Quarry Assets, which would inhibit the Debtors' ability to reorganize and threaten the ability of the Debtors to have sufficient cash to operate. Accordingly, the Debtors request that the Court grant an expedited hearing on the Bid Procedures Motion.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order setting an expedited hearing on the Bid Procedures Motion or before September 20, 2011, at a time that is convenient for the Court, and granting such other and further relief as is just and proper.

Dated: September 2, 2011 Respectfully submitted,

**COX SMITH MATTHEWS INCORPORATED**

By: _/s/ Stephen K. Lecholop II_
Mark E. Andrews
State Bar No. 01253520
George H. Tarpley
State Bar No. 19648000
Stephen K. Lecholop II
State Bar No. 24070119
1201 Elm Street, Suite 3300
Dallas, Texas 75270
(214) 698-7800
(214) 698-7899 (Fax)

**ATTORNEYS FOR DEBTORS
AND DEBTORS-IN-POSSESSION**

# CERTIFICATE OF CONFERENCE

On September 2, 2011, I contacted via email the Valerie Wegner, the United States Trustee for this case, Shad Robinson, counsel for First State Bank of Central Texas (Bank Lender), Chris Ward, counsel for Liberty Mutual Insurance Company/Safeco (Surety), and John Melko, counsel to the official committee of unsecured creditors to request their agreement to an expedited hearing on the Bid Procedures Motion. As of the filing of the motion, Ms. Wegner, Mr. Robinson, and Mr. Ward have consented to the expedited hearing. Counsel for the Committee has not responded as of the filing of this Motion to Expedite. The Debtors will advise the Court when the Committee's response is received.

 /s/ George H. Tarpley  
George H. Tarpley

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 2nd day of September, 2011, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, upon those parties listed on the Service List attached hereto via First Class United States Mail postage prepaid.

                                         */s/ Stephen K. Lecholop II*
                                         Stephen K. Lecholop II